**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| **CURTIS J. LANDSBERGER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.** |
| v. ) | |
| ) | **CCB-09-CV-3389** |
| **MARTEK BIOSCIENCES CORP., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**REPLY MEMORANDUM IN SUPPORT OF THE ADDITIONAL MOVING
INDIVIDUAL DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE,
FOR THE ENTRY OF SUMMARY JUDGMENT**

**I.      Introduction**

Although the legal grounds for the motions to dismiss pending before this Court are straightforward, effective consideration of those motions poses certain challenges. To begin, Plaintiff's piecemeal approach to service of process has resulted in three separate motions to dismiss by three separate defendant groups. Additional factors that may complicate a review of the pending motions include: (i) vague titles on certain filings by Plaintiff, (ii) a primary opposition brief that far exceeds the Court's page limitations, (iii) repeated reference by Plaintiff (often without clear attribution) to "facts" and argument not found anywhere within the Complaint itself and (iv) the failure of Plaintiff's briefs to cite to the pertinent portions of his Complaint. In an effort to clarify the positions of the parties, this reply summarizes the arguments made by each of the Defendants, refutes Plaintiff's responsive arguments, and identifies by citation to the docket the location of the parties' various arguments. Defendants

hope this approach will assist the Court in addressing the pending motions, all of which are now fully briefed and ready for decision by the Court.

Upon reviewing the motions to dismiss, the Court will see that there are multiple bases upon which to dispose of Plaintiff's Complaint:

- Plaintiff's claims concerning events occurring before December 16, 2004 are barred by the absolute five-year statute of repose;

- Plaintiff's remaining claims are barred by the two-year statute of limitations;

- Plaintiff, who does not allege that he is now or ever has been a Martek stockholder, lacks standing to pursue any claims under Rule 10b-5;

- Plaintiff cannot pursue any claims concerning events occurring after September 1, 2006, the date of his last transaction in Martek call options;

- Plaintiff has not pled any recognizable theory of loss causation as required by *Dura Pharmaceuticals, Inc. v. Broudo*; [1]/

- Plaintiff has not adequately plead reliance or transaction causation;

- Plaintiff has not adequately alleged scienter; and

- Plaintiff has not properly identified material alleged misrepresentations with the requisite specificity.

Moreover, it would be futile to allow Plaintiff an opportunity to amend his Complaint. Many of the issues raised by Defendants' motions – limitations, standing, loss causation – simply cannot be cured by more careful drafting. Indeed, allowing Plaintiff an opportunity to amend undoubtedly would result in yet another lengthy and confusing manifesto that again violates Federal Rule of Civil Procedure 8, but fails to allege a cognizable claim. Rather than pursue a path that will waste additional resources of the parties and the Court, this case should – like Mr. Csabai's action before it – be dismissed in its entirety and with prejudice.

---

[1]/  554 U.S. 336 (2005).

## II. The Different Defendant Groups

### A. Martek

The first defendant is Martek itself, which moved to dismiss for failure to state a claim upon which relief can be granted.[2]/ Martek explained in its briefs that Plaintiff's Complaint fails to properly allege standing, causation, reliance and scienter, and also does not identify purported *material* misrepresentations with the required specificity.[3]/ Moreover, Martek explained that Plaintiff's claims are barred by the applicable statutes of repose and limitations.

Plaintiff responded to Martek's motion with a 113-page answering brief that makes no reference to Plaintiff's actual Complaint, but instead simply reformulates Plaintiff's tale of an alleged conspiracy supposedly stretching over many years and involving numerous supposed conspirators. Notably, Plaintiff's brief pays scant attention to the legal issues raised by Martek and, in fact, is wholly silent on certain topics (*e.g.*, standing and causation).[4]/

### B. The Moving Individual Defendants

The second group of Defendants consists of Peter L. Buzy, Robert J. Flanagan, Jerome C. Keller, Henry Linsert, Jr., Douglas J. MacMaster, Sandra Panen and Eugene H. Rotberg. These Defendants have joined in the motion to dismiss filed by Martek.[5]/ Moreover, these defendants also have filed a short brief emphasizing that the recent decision of the United States Supreme Court in *Merck v. Reynolds* [6] supports Defendants' limitations argument, and that Plaintiff has failed to adequately allege scienter.

---

[2]/ *See* Dkt. No. 9.

[3]/ *See* Dkt. Nos. 9, 13.

[4]/ *See* Dkt. No. 11.

[5]/ *See* Dkt. No. 14.

[6]/ ___ S. Ct. ___, 2010 WL 1655827 (Apr. 27, 2010).

Plaintiff responded to the Moving Individual Defendants' memorandum with an answering brief that attempts to address the limitations and scienter deficiencies in the Complaint, but discusses no other legal issue.[7]/

C. The Additional Moving Individual Defendants

The final group of Defendants consists solely of former officers and directors of Martek. These Defendants similarly have adopted the arguments advanced by Martek in support of its Motion to Dismiss. These Defendants also have separately moved to dismiss pursuant to Rule 12(b)(5) for insufficient service of process.[8]/

Plaintiff has responded with an answering brief that effectively concedes that service was inadequate, spends about a page discussing scienter, and then continues with 24 pages of confused and at time indecipherable allegations of a widescale conspiracy stretching over a decade.[9]/

### III. The Court Should Grant the Additional Individual Defendants' Motion to Dismiss for Insufficient Service of Process

As the Additional Individual Defendants noted in their opening memorandum of law, they all are former officers and directors of Martek who do not maintain an office at Martek.[10]/ Nevertheless, Plaintiff acknowledges that his sole attempt at service upon these defendants was to send the complaint and summons by certified mail delivery addressed to each of them "c/o David M. Feitel" at Martek's address.[11]/ Plaintiff suggests this service is effective because it

---

[7]/ *See* Dkt. No. 23.

[8]/ *See* Dkt. No. 25.

[9]/ *See* Dkt. No. 27.

[10]/ *See* Dkt. No. 25-1 at pg. 4.

[11]/ *See* Dkt. 27 at pg. 2.

purportedly is "the most direct service" and because Defendants' counsel will not accept service.[12]/

Plaintiff's failed attempt at service upon the Additional Individual Defendants requires dismissal of this action as to them. The rules regarding service of process are clear and must be followed even if Plaintiff finds them inconvenient. As the Fourth Circuit has explained, Rule 4 is "there to be followed and the plain requirements for the means of effecting service of process may not be ignored."[13]/

Plaintiff does not dispute that he did not address his attempted service directly to the individual defendants themselves, but instead chose to send his certified mailings to Martek's general counsel. Nor does he dispute that he mailed his certified letters to an address where the Additional Individual Defendants neither reside nor maintain an office. Finally, Plaintiff offers no evidence (because there is none) indicating that Mr. Feitel is authorized to accept service for any of Martek's former officers or directors. Accordingly, because Plaintiff has failed to effect service in accordance with either Maryland or federal law, this Court lacks jurisdiction over these Defendants and the Complaint should be dismissed as to each of them.[14]/

---

[12]/ *See Id.*

[13]/ *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); s*ee also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of a summons must be satisfied.").

[14]/ *See* Md. R. 2-121(a) (requirements for service by certified mail). Plaintiff also has requested that the Court re-issue a summons for each of the Additional Individual Defendants so that he "may serve them to Hogan Lovells." (Dkt. No. 28). Plaintiff still apparently fails to appreciate that undersigned counsel is *not* authorized to accept service of process for these defendants. Filing a motion to dismiss on behalf of these defendants obviously does not imply such authorization. Otherwise, no defendant ever could successfully raise a Rule 12(b)(5) motion; as soon as his counsel raised such a motion, plaintiff would simply serve that counsel.

## IV. Plaintiff Fails to State a Claim For Violation of the Securities Laws

### A. *Limitations*

All Defendants have asserted that Plaintiff's claims are barred by limitations.[15]/ First, as explained in Martek's briefs, many of the claims alleged in Plaintiff's Complaint are barred by the absolute five-year statute of repose.[16]/ Therefore, as it did in the recently affirmed *Csabai* decision, this Court should dismiss Plaintiff's claims concerning disclosures that occurred more than five (5) years ago.

Second, for any supposed violations that allegedly occurred between December 16, 2004 (five years before the Complaint was filed) and September 1, 2006 (the date of Plaintiff's last transaction in Martek call options), the two-year statute of limitations applies. Plaintiff clearly was aware or should have been of the facts constituting his claim of fraud at least two years before suit was filed. In fact, as Defendants have explained, Plaintiff's claims relate to very public matters – *e.g.*, the supposed channel-stuffing that was the subject of a settlement agreement approved by this Court years ago, the Nutrinova patent litigation, etc.[17]

Plaintiff offers a number of responses in an effort to escape the bar of limitations. First, Plaintiff claims that limitations do not apply because Martek's fraud has been ongoing for at least seven years and, indeed, supposedly is still ongoing.[18]/ Of course, this defense has absolutely no applicability to disclosures made more than five years ago – they are absolutely

---

[15]/ Defendants believe that bar is clear from the face of Plaintiff's Complaint and that the Court therefore may dismiss pursuant to Rule 12(b)(6). Alternatively, the Court may follow the path it chose in *Csabai* and consider materials outside the pleadings for purposes of entering summary judgment in favor of Defendants. *See Csabai v. Martek Biosciences Corp.*, No. 09-cv-2280-CCB, Order [Dkt No. 33] (D. Md. Dec. 23, 2009), *aff'd*, No. 10-1110, Order (4th Cir. June 24, 2010).

[16]/ *See* Dkt. No. 9-1, at 9 (discussing claims that are barred by five –year statute of repose).

[17]/ *See id.* at 10.

[18]/ *See* Dkt. No. 11, at 5, 7.

barred by the five-year statute of repose. But more importantly, the statute of limitations is not subject to equitable tolling principles once it begins to run.[19] Accordingly, as long as Plaintiff either was aware or should have been aware of the alleged fraud at least two years before suit was filed, his claims are barred.

Second, Plaintiff claims that some of the facts underlying his claims were only discovered within the past two years.[20] But although Plaintiff may claim that he only discovered the documents recently, the critical facts were publicly available for more than two years before suit was filed and should have been discovered by a reasonably diligent plaintiff. Moreover, Plaintiff and Mr. Csabai's other close associates cannot escape the fact that Mr. Csabai repeatedly claimed that Defendants had committed fraud, and that he could prove that fraud, more than two years before Mr. Landsberger filed suit.

    *B.    Standing*

Defendants also have moved to dismiss because Plaintiff lacks standing to pursue the claims alleged in the Complaint.[21] The Complaint nowhere alleges that Plaintiff ever purchased or sold Martek stock. This alone requires dismissal.

Moreover, even if the Court considers the additional information submitted by Plaintiff, that information indicates that Plaintiff purchased only call options – not stock – in Martek.[22] And as Plaintiff does not dispute, options holders lack standing to sue under the antifraud provisions of the federal securities laws.[23]

---

[19]/ *See* Dkt. No. 15, at 7.

[20]/ *See* Dkt. No. 23, at 3.

[21]/ *See* Dkt. No. 9-1, at 12-13.

[22]/ *See* Dkt. No. 11-5 (trading history indicating that Plaintiff purchased "long calls" at various times from 2003 to 2006).

[23]/ *See* Dkt. No. 9-1, at 13; Dkt. No. 13, at 8-9.

Finally, even if Plaintiff possessed standing as a trader in Martek call options, his last transaction occurred on September 1, 2006. Under no theory would Plaintiff have standing to challenge alleged violations occurring after that date.

C. *Loss Causation, Transaction Causation and Reliance*

Plaintiff's Complaint makes no attempt to allege loss causation, transaction causation or reliance. This also requires dismissal of the Complaint on its face.

Most seriously, Plaintiff utterly fails to articulate a colorable theory of loss causation that would comport with the requirements of *Dura*.[24]/ For example, Plaintiff nowhere alleges that the market eventually discovered the "truth" regarding alleged disclosures and that a subsequent stock decline ensued. In fact, upon close scrutiny, Plaintiff's complaint is revealed as wholly illogical and lacking in a plausible theory of loss. Plaintiff, of course, alleges that Martek's stock price was inflated long before he purchased call options because of Defendants alleged misrepresentations. Plaintiff then purchased call options betting that the stock price would rise even further. What he does not allege, however, is that the stock price failed to reach the desired height because the Company's true condition came to light.[25]/ Rather, he argues that Defendants continued to inflate the Company's stock price through additional misrepresentations, and indeed that the price remains inflated today. Thus, the stock price failed to achieve the price necessary for Plaintiff's bet to succeed *despite* – not because of – Defendants' conduct. Plaintiff is complaining about alleged continued misrepresentations that logically would have assisted, not thwarted, his desire for Martek stock to rise even further. Thus, there is simply no causal connection alleged between Plaintiff's alleged loss and Defendants' alleged misrepresentations.

---

[24]/ *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2205).
[25]/ *See id.* at 347 (complaint must plead that economic loss resulted after the truth become known).

D.   *Scienter*

Defendants also have explained that Plaintiff failed to adequately allege scienter in his Complaint.[26] Plaintiff responds by pointing to the exercise of stock options by certain Defendants.[27] Plaintiff nowhere attempts, however, to place these transactions into context or explain the relative magnitude of these transactions relative to any one defendant's individual history. There is thus no basis for the court to find scienter.

Perhaps more importantly, Plaintiff utterly fails to pass the test articulated by the Supreme Court in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). Plaintiff asks the Court to accept that multiple directors, officers and customers engaged in a wide-ranging decade-long plot to distort the Company's true stock price. He also asks the Court to accept that not only Martek's counsel, but also the Plaintiff's class action bar, joined in this grand conspiracy. Finally, he asks the Court to accept that it was duped in connection with a previous class action settlement. Alternatively, the Court may accept a far more cogent and compelling alternative proposition: Martek's failure to achieve the full success certain speculative call options purchasers desired does not indicate fraud, but simply ordinary business challenges.

E.   *Material Misrepresentations*

Defendants argued that Plaintiff has filed to allege any facts that would allow the Court to find that Defendants' alleged misrepresentations were material.[28] Plaintiff has never responded to this argument, providing yet additional grounds for dismissal.

---

[26]/ *See* Dkt. No. 9, at 17-18.

[27]/ *See* Dkt. No. 23, at 3-4.

[28]/ *See* Dkt. No. 9, at 15-17.

**V.      Plaintiff Should Not Be Granted Leave To Amend**

Defendants understand that Courts sometimes will grant a *pro se* plaintiff leave to amend to cure defects in his pleading. Allowing such an amendment here, however, would be futile. Plaintiff cannot remove the five-year statute of repose through amendment. He cannot eliminate the two-year statute of limitations through amendment. Nor can he change the law or facts regarding standing or causation. This Complaint should be dismissed with prejudice, like the complaints of those other plaintiffs who speculated in call options (presumably at the suggestion of Mr. Csabai). Otherwise, the parties and the Court will only waste additional time and energy on a baseless claim.

**VI.     Conclusion**

For all of the foregoing reasons, Defendants' Motions to Dismiss should be granted in their entirety.

Dated: July 13, 2010

                                                  Respectfully submitted,

                                                  _____/s/_____
                                                  Mark D. Gately (Bar #00134)
                                                  Scott R. Haiber (Bar #25947)
                                                  Andrea W. Trento (Bar #28816)
                                                  HOGAN LOVELLS US LLP
                                                  Harbor East
                                                  100 International Drive
                                                  Baltimore, MD  21202
                                                  Phone:    (410) 659-2700
                                                  Facsimile: (410) 659-2701
                                                  Email:    mark.gately@hoganlovells.com

                                                  *Attorneys for the Additional Moving Individual Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| **CURTIS J. LANDSBERGER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION NO.** |
| v. | ) | |
| | ) | **CCB-09-CV-3389** |
| **MARTEK BIOSCIENCES CORP., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2010, a copy of the Reply Memorandum in Support of the Additional Moving Individual Defendants' Motion to Dismiss or, in the Alternative, for the Entry of Summary Judgment, was sent via First Class Mail, postage prepaid, to Curtis J. Landsberger, 166 Hope Road, Blairstown, NJ 07825.

Dated: July 13, 2010

                                                                                             /s/
                                                                  Scott R. Haiber