IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CURTIS J. LANDSBERGER | : | |
| | : | |
| v. | : | CIVIL NO. CCB-09-3389 |
| | : | |
| MARTEK BIOSCIENCES | : | |
| CORP., *et al.* | : | |

...o0o...

## MEMORANDUM

Curtis L. Landsberger, proceeding *pro se*, has filed the present action against Martek Biosciences Corp. ("Martek"), and fourteen former officers and directors of Martek (collectively the "individual defendants")[1] alleging that the defendants "fraudulently misrepresented nearly every material aspect, information essential to investors, of Martek Biosciences Corporation, company, to the public equity market from the time of Martek's purchase of OmegaTech in March of 2002 to the present, 2009." (Compl. at 1.) The defendants have filed motions to dismiss or, in the alternative, for summary judgment. Mr. Landsberger appears also to have filed a motion for summary judgment.[2] The motions have been fully briefed and no oral argument is necessary. For the following reasons, the defendants' motions will be granted and the plaintiff's motion will be denied.

## BACKGROUND

On December 23, 2009, this court granted summary judgment for the defendants in a

---

[1] The individual defendants filed two separate motions. The first was filed by Peter L. Buzy, Robert J. Flanagan, Jerome C. Keller, Henry Linsert, Jr., Douglas J. MacMaster, Sandra Panem, and Eugene H. Rotberg. (*See* docket entry no. 14.) The second was filed by George P. Barker, Jules Blake, Thomas C. Fisher, James Flatt, Ann L. Johnson, John H. Mahar, and Richard J. Radmer. (*See* docket entry no. 25.)

[2] Mr. Landsberger's response to Martek's motion is styled as a "Motion for Summary Judgment or, in the alternative, denial of defendant's motion to dismiss and denial of summary judgment." (*See* docket entry no. 11.)

1

related case filed by Ferenc K. Csabai against Martek and its officers and directors. *See Csabai v. Martek Biosciences Corp.*, 2009 WL 5206477 (D. Md. Dec. 23, 2009), *aff'd*, 2010 WL 2640251 (4th Cir. June 24, 2010). This court determined that Mr. Csabai had failed to file his complaint within the applicable statute of limitations. *See Csabai*, 2009 WL 5206477 at *2-3. Mr. Landsberger makes very similar allegations in the present lawsuit, which he filed on December 16, 2009. The complaint does not allege that Mr. Landsberger has ever purchased Martek stock, but his subsequent submissions suggest that the last date on which he purchased Martek securities was September 1, 2006.[3] (*See* Pl.'s Summ. J. Mem. Ex. E.)

Although the complaint is difficult to decipher, Mr. Landsberger appears to make numerous allegations of securities fraud. He alleges broadly that "Martek management and Board of Directors fraudulently created a diversified growth story based on 3 core scenarios." (Compl. at 2.) These "scenarios" include allegations that Martek perpetrated an "aggressive fraud of necessary major additional capacity" based on a hexane pollution problem at Martek's Winchester, Kentucky plant in March 2003 (*id*. at 2 & 21), and that Martek was "fraudulently supported by insider known channel stuffing in the U.S. formula market from 2002 through early 2005." (*Id*. at 2.) Mr. Landsberger further alleges that the "third major fraud perpetrated on Martek investors was the aggressive pumping of the fraud filled OmegaTech purchase in April 2002". (*Id*.)

Other allegations in the complaint include that Martek presented artificial growth in its revenue statements "from late 2002 through early 2005" (*id*. at 22), and filed a misleading 8-K in February 2006 that described a potential deal with Kellogg. (*Id*. at 24.) Mr. Landsberger also alleges that Martek did not disclose a failure to gain approval from the National Academy of

---

[3] Mr. Landsberger has not disputed the defendants' contention that he purchased only call options, not stock, in Martek.

Sciences ("NAS") in September 2002 (*see, e.g., id*. at 23 & Ex. A at 1), and he makes general allegations of customer hoarding by referring to a "hoarding [conference call]" on April 27, 2005. (*See, e.g., id*. at 24.) He also alleges "insider trading . . . from April 2002 through September 2005". (*Id*. at 5.) In addition, Mr. Landsberger alleges that Martek buried its "failure with the EFSA sometime during 2008 for DHA/ARA claims in formula for infants" (*id*. at 4), and he refers to a failure with the EFSA in early 2009. (*Id.* at 8.) Furthermore, he alludes to Martek's failure to transition to "cheaper DHA-S", and to an "undisclosed petition failure of September 8, 2004". (*Id*. at 24-25.). He also mentions a failed NIH Alzheimer's study, the results of which were provided in July 2009. (*See id*. at 26.)

The defendants have filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment. They argue, among other things, that Mr. Landsberger's claims are time-barred under the applicable five-year statute of repose and two-year statute of limitations. The second group of individual defendants, namely Defendants Barker, Blake, Fisher, Flatt, Johnson, Mahar, and Radmer, have also moved to dismiss pursuant to Rule 12(b)(5) for ineffective service of process. Mr. Landsberger has responded to the defendants' motions in part by filing what appears to be a cross-motion for summary judgment. For the reasons set forth below, judgment will be entered in favor of the defendants.

## ANALYSIS

*I.  Standard of Review*

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.

1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.1997). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2))

Where, as in this case, materials outside the pleadings are proffered by the parties and relied on by the court, the motion may be converted to one for summary judgment. *See* Fed. R. Civ. P. 12(b); *Gadsby by Gadsby v. Grasmick,* 109 F.3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.,* 241 F. Supp. 2d 551, 556 (D. Md. 2003). The parties, however, must be provided with notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment, which can be satisfied when a party is "aware that material outside the pleadings is before the court." *Gay v. Wall,* 761 F.2d 175, 177 (4th Cir. 1985); *see also Laughlin v. Metro. Washington Airports Auth.,* 149 F.3d 253, 261 (4th Cir. 1998) (commenting that a court has no obligation "to notify parties of the obvious"). In this case, Mr. Landsberger was on notice and attached documents to his responses. He also filed what appears to be a cross-motion for summary judgment. Accordingly, the court will treat the defendants' motions as ones for

4

summary judgment.

Federal Rule of Civil Procedure 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Whether a fact is material depends upon the substantive law. *See id.* "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion,'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration in original) (quoting *United States v. Diebold*, 369 U.S. 654, 655 (1962)), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted).

II. *Statute of Limitations*

Claims of federal securities fraud are governed by the statute of limitations set forth in 28

5

U.S.C. § 1658(b).[4] The five-year statute of repose in § 1658(b)(2) bars all of Mr. Landsberger's claims as to any misrepresentations or other alleged illegal acts that occurred prior to December 16, 2004, five years before the complaint was filed. Moreover, the two-year limitations period in § 1658(b)(1) begins to run when the facts constituting the violation are actually discovered by the plaintiff, or would have been discovered by "a reasonably diligent plaintiff". *Merck & Co., Inc. v. Reynolds*, -- U.S. --, 130 S. Ct. 1784, 1798 (2010).

The majority of fraudulent acts alleged by Mr. Landsberger are barred by the five-year statute of repose, as they occurred prior to December 16, 2004. These include all allegations regarding: (1) the OmegaTech purchase in April 2002; (2) failure to get NAS approval in September 2002; (3) the hexane pollution problem in March 2003; (4) the undisclosed DHA-S petition in September 2004; and (5) insider trading, inflated revenue statements and "channel stuffing", and customer hoarding before December 16, 2004.

In addition, many of Mr. Landsberger's allegations relating to acts occurring after December 16, 2004 are time-barred under the two-year statute of limitations. A reasonably diligent plaintiff would have known of the facts forming the basis for the present claims by December 16, 2007, two years before Mr. Landsberger filed suit, as several of the events complained of were matters of public record. *See Reynolds*, -- U.S. --, 130 S. Ct. at 1794 (citing

---

[4] § 1658(b) provides that:

> [A] private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought not later than the earlier of --
>
> (1)      2 years after the discovery of the facts constituting violation; or
>
> (2)      5 years after such violation.

2 Corman § 11.1.1, at 134). In particular, allegations against Martek of customer hoarding and inflated revenue projections in 2004 and 2005 were made public in a class action filed in this District in 2005, *In re Martek Biosciences Corp. Securities Litigation*, Civ. Action No. MJG 05-1224. (*See* Haiber Decl. Ex. 1 at ¶¶ 3 & 4.) Moreover, Mr. Csabai repeatedly posted his allegations regarding fraud at Martek on a publicly accessible internet message board in 2006 and 2007. (*See id*. Ex. 2-D & 2-E.) Contrary to what Mr. Landsberger argues, the statute of limitations will not be tolled because Martek's frauds are allegedly ongoing. A plaintiff need not have complete exposure to the alleged fraud in order for the statute of limitations to be triggered, as the limitations period begins to run when a reasonably diligent plaintiff would have known of the facts constituting the violation. *See Reynolds*, -- U.S. --, 130 S. Ct. at 1798.

Finally, Mr. Landsberger's remaining allegations fail to form the basis for a plausible securities fraud claim because Mr. Landsberger has not alleged the basic elements of a private claim for securities fraud, let alone shown that there is a genuine issue of material fact or that he is entitled to summary judgment as a matter of law. The deficiencies in the complaint include, but are not limited to, a failure to adequately plead scienter, loss causation, and reliance. *See In re Mut. Funds Inv. Litig*., 566 F.3d 111, 119 (4th Cir. 2009) (describing the elements a plaintiff is required to prove in a typical private action under § 10(b)) (internal citation omitted).

Accordingly, the court will grant the defendants' motions and will deny the plaintiff's motion.[5] A separate Order follows.

    July 30, 2010                                                  /s/
        Date                                                           Catherine C. Blake
                                                                    United States District Judge

---

[5] Because the court finds the complaint is time-barred, it need not address the second group of individual defendants' motion to dismiss under 12(b)(5) for ineffective service of process. Furthermore, Mr. Landsberger's motion to add Steve Dubin, Martek's CEO, as an additional defendant (docket entry no. 7) will be denied, as will his motion to reissue summons (docket entry no. 28).